FLORENCE N. MANN, Respondent, v. WILLIAM D. CARTER, Appellant, Impleaded with Another.

*Attachment — sufficiency of an affidavit made by the plaintiff's agent.*

The affidavit for an attachment in an action brought to recover upon a promissory note, was made by the attorney in fact and agent of the plaintiff, because of the plaintiff's absence from the State. The affidavit stated that the whole amount of the note was due, with interest, over and above all counterclaims known to the plaintiff, as the affiant was informed by her and believed, and alleged as the grounds upon which the statements upon information and belief were made, that the note was in the affiant's possession ; that he had conversed with the plaintiff, who informed him that there was no counterclaim against it, and that he had held conversations with the defendants, in which they admitted the making and delivery of the note and its non-payment.

*Held,* that this was a sufficient statement of the source of the affiant's information, and that the facts stated were sufficient to show that the plaintiff was entitled to recover the amount due upon the note, and that there was no counterclaim against it.

APPEAL by the defendant William D. Carter, from an order made at the Kings County Special Term, and entered in the office of the clerk of Kings county on the 22d day of April, 1893, denying the said defendant's motion to vacate a warrant of attachment.

*Wm. O. Campbell,* for the appellant.

*Lowery, Stone & Auerbach,* for the respondent.

DYKMAN, J.:

This is an appeal from an order denying a motion to vacate an attachment against the property of the defendant.

The motion was made upon the papers on which the attachment was issued, and is based upon the insufficiency of the affidavit upon which the writ was granted. That affidavit was made by the attorney in fact and agent of the plaintiff. The action is upon the joint promissory note of the defendants for $15,000, which is in the possession of the agent.

He has held conversations with the defendants in which they have admitted to him the making and delivery of the note and the non-payment thereof.

These facts are stated in the affidavit and they are the grounds upon which the statements therein upon information and belief are made. The affidavit was made by the agent because the plaintiff was absent from the State.

He states that the whole amount of the note is due, with interest from the 2d day of January, 1892, over and above all counterclaims known to the plaintiff, as he is informed by her and verily believes. That is a sufficient statement of the source of his information.

The insufficiency of the affidavit is claimed to result from its failure to show that the plaintiff is entitled to recover the sum of money claimed over and above all counterclaims known to her.

We must, therefore, determine whether the affidavit in question makes such a showing. The affiant was the agent of the plaintiff and had important knowledge and information respecting the claim upon which this action is founded. The note was in his possession and the plaintiff had informed him that there was no counterclaim. He had conversed with the defendants respecting the note and they had admitted to him the making and delivery of the note and its non-payment.

All those facts were submitted to the judge who granted the attachment, and they were sufficient to show that the plaintiff was entitled to recover the amount due upon the note, and that there was no counterclaim against it.

The facts stated in the affidavit required the action of the judicial

mind, were sufficient to satisfy the judge that the plaintiff was entitled to the writ, and if they did so satisfy him, as they did, the attachment will not be vacated.

There are many adjudicated cases in our reports upon this question, but they all depended upon their peculiar facts, and but little aid can be derived from their examination.

Our conclusion is that the order should be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., and PRATT, J., concurred.

Order affirmed, with costs and disbursements.